## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **LANDON RYAN MCCORMICK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00073 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **AMHERST COUNTY ADULT** | ) | By:  James P. Jones |
| **DETENTION CENTER,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Landon Ryan McCormick, Pro Se Plaintiff.*

The plaintiff, Landon Ryan McCormick, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.  McCormick has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915.  After review of the Complaint, I conclude that this action must be summarily dismissed.

McCormick's allegations are sparse.  He alleges that from October 3 to 22, 2020, he was "locked down," could only take showers twice a week, on Tuesdays and Saturdays, and could not order hygiene or stationery items.  Compl. 2, ECF No. 1.  He complains that he was not subjected to these restrictions based on any "institutional charge."  *Id.*  As relief, McCormick wants "financial compensation." *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

McCormick names only one defendant in this case: the Amherst County Adult Detention Center ("ACADC"), which is a jail facility of the Blue Ridge Regional Jail Authority ("BRRJA") according to public records online.  A local jail facility itself cannot qualify as a *person* subject to being sued under § 1983.  *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and alterations omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail.").

Moreover, McCormick has not alleged sufficient facts to state the required elements of a § 1983 claim against anyone at ACADC.  Every inmate has the right

under the Eighth Amendment to serve his term of imprisonment without enduring cruel and unusual punishment at the hands of prison officials. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). On the other hand, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). "[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity." *Id.* To satisfy the objective element of a past conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) ("The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.").

McCormick's § 1983 claim cannot proceed against the only defendant he has named, the ACADC. In addition, he has not shown that he suffered serious or significant injury from the conditions of which he complains. I will therefore summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim. An appropriate order will enter this day. Such a dismissal

leaves McCormick free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

DATED:   July 27, 2021

/s/  JAMES P. JONES
United States District Judge

_____

[1] The possibility of amending and resubmitting the claims in a new and separate civil action should not be taken as a finding that McCormick's allegations, if particularized, might state a proper § 1983 claim against some persons employed at the jail.